UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **PATRICK OUTLAW, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 19-462-JWD-RLB** |
| **JOSE CORTEZ, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 23, 2019.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **PATRICK OUTLAW, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | |
| **JOSE CORTEZ, ET AL.** | **NO. 19-462-JWD-RLB** |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiffs' Motion for Remand. (R. Doc. 10). The motion is opposed. (R. Doc. 13).

**I.     Background**

On or about May 7, 2019, Patricia and Joseph Outlaw, individually and on behalf of their minor child, Hallie Outlaw; and Logan Outlaw, individually and on behalf of her minor child, R.B. (collectively, "Plaintiffs") initiated this personal injury action in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana, naming as defendants Jose Cortez d/b/a Joe's Transport, Enrique Galban, Citadel Reinsurance Limited, American Millennium Insurance Company, and ABC Insurance. (R. Doc. 1 at 1-8, "Petition"). Plaintiffs allege that on or about July 1, 2018, Logan Outlaw, Hallie Outlaw, and R.B. were involved in a motor vehicle accident involving a commercial truck operated by Enrique Galban and owned by Jose Cortez. (Petition ¶¶ 3-8).[1]

Plaintiffs allege that as a result of the collision, Hallie Outlaw sustained injuries including: severe cervical, lumbar, and thoracic ligament, muscle and spinal injuries, impact injury to her shoulders and extremities, impact injury to her abdominal region in her ninth month of pregnancy, impact injury to her head, and numerous contusions and abrasions. (Petition ¶ 12).

---

[1] Jose Cortez and Enrique Galban have not made appearances in this action.

1

Plaintiffs also alleges that as a result of the collision, Hallie Outlaw suffered, continues to suffer, and/or will suffer in the future the following: physical pain and discomfort, mental pain and discomfort, severe mental anguish and distress, severe post-partum complications, decreased flexion capabilities, head injuries, functional and anatomical disability, loss of earnings and earning capacity, loss of enjoyment of life, and inability to engage in and enjoy personal, social and recreational activities. (Petition ¶ 13).  Plaintiffs also allege that Hallie Outlaw "has sustained severe mental anguish and physical impairment, as well as post-traumatic syndrome disorder ('PTSD') which includes, but is not limited to, anxiety and avoidance behaviors as a direct and proximate cause of the accident and defendants' acts and omissions." (Petition ¶ 15).

On July 16, 2019, Citadel Reinsurance Limited and American Millennium Insurance Company removed this action asserting that this court has diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332(a). (R. Doc. 1).  With respect to the amount in controversy, the removing defendants state that the "Notice of Removal is based on the reasonable belief that the amount in controversy is in excess of the jurisdictional limit of $75,000 with respect to at least one of the multiple claimants." (R. Doc. 1 at 3).  More specifically, the removing defendants assert that the amount in controversy is facially apparent in light of Hallie Outlaw's alleged injuries. (R. Doc. 1 at 3-4).

On August 13, 2019 Plaintiff filed the instant Motion to Remand. (R. Doc. 10-1).

## II.     Arguments of the Parties

In support of remand, Plaintiffs argue that "[t]he essential facts pled in the Petition do not seek a specific amount in damages nor is it clear on its face that the amount in controversy exceeds $75,000." (R. Doc. 10-1 at 1).  Plaintiffs argue that "there is no indication of the actual injuries Plaintiffs sustained or that the amount in controversy related to their alleged injuries and

2

damages exceeds the legally required threshold." (R. Doc. 10-1 at 2). In short, Plaintiffs argue that it is not facially apparent that the amount in controversy is satisfied. (R. Doc. 10-1 at 3-4).

In opposition, the removing defendants argue that it is facially apparent that the amount in controversy is satisfied in light of the alleged injuries of Hallie Outlaw and Fifth Circuit jurisprudence. (R. Doc. 13 at 1-5). The removing defendants also attempt to distinguish the case law relied upon by Plaintiffs in support of remand. (R. Doc. 13 at 6-9).

### III.  Law and Analysis

#### A.  Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice . . . permits the recovery of damages in excess of the amount demanded," removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). In Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary

3

amount of damages sought in their petitions, and are required to state whether there is a "lack of jurisdiction of federal courts due to insufficiency of damages." La. Code Civ. P. art. 893(A)(1).

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See*, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) ("We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum.").

4

B.   Analysis

There is no dispute that there is complete diversity of citizenship.[2]  The only issue before the Court is whether the amount in controversy is facially apparent in light of the alleged injuries and damages of Hallie Outlaw.[3]  Neither party has set forth summary judgment evidence in support of a finding that the amount in controversy requirement is satisfied.

"Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *See Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) (citing *Alderdice v. Lowe's Home Centers, Inc.*, 2010 WL 371027 (M.D. La. Jan. 29, 2010); *Nelson v. Wal–Mart Stores, Inc.*, 2009 WL 1098905 (W.D. La. Apr. 22, 2009), and numerous cases cited therein, *Fontenot v. Granite State Ins. Co.*, 2008 WL 4822283 (W.D. La. Nov. 3, 2008); and *Bonck v. Marriot Hotels, Inc.*, 2002 WL 31890932 (E.D. La. Dec. 30, 2002)), *report and recommendation adopted*, 2012 WL 278685 (M.D. La. Jan. 31, 2012).  "When . . . the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, 'the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000.'" *Dunomes v. Trinity Marine Products, Inc.*,

---

[2] The Notice of Removal asserts that the Plaintiffs are all citizens of Louisiana, Jose Cortez is a citizen of Texas, Enrique Galban is a citizen of Texas, Citadel Reinsurance Limited is a citizen of Bermuda, and American Millennium Insurance Company is citizen of New Jersey. (R. Doc. 1 at 2).
[3] "The general rule is that each plaintiff who invokes diversity of citizenship jurisdiction must allege damages that meet the dollar requirement of § 1332." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir. 1995).  The removing defendants only argue that the amount in controversy is satisfied based upon the injuries and damages attributable to Hallie Outlaw.

5

No. 14-1968, 2014 WL 7240158, at *4 (E.D. La. Dec. 19, 2014) (quoting *Broadway v. Wal-Mart Stores,* No. 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000)).

In seeking a finding that the amount in controversy requirement is satisfied, the removing defendants contrast *Simon v. Wal-Mart Stores, Inc.*, 193 F. 3d 848 (5th Cir. 1999), which found the jurisdictional amount not facially apparent, with *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999), *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000), *Pollet v. Sears Roebuck & Co.*, 46 Fed. App'x 226 (5th Cir. 2002), and *Hernandez v. USA Hosts, Ltd.*, 418 Fed. App'x 293 (5th Cir. 2011), which all found the jurisdictional amount facially apparent. The Court summarizes and considers these decisions below.

In *Luckett*, the Fifth Circuit considered whether the amount in controversy was facially apparent where the plaintiff alleged she became ill and was diagnosed with congestive heart failure, pulmonary edema and respiratory distress shortly after being hospitalized for a total of six days, and unconscious a portion of that time, because of the defendant's tortious conduct. 171 F.3d at 297. The plaintiff sought damages for "property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework." *Id.* at 298. The Fifth Circuit, emphasizing the tortious nature of the plaintiff's claim and the types of damages she sought, held that the amount in controversy was facially apparent. *Id.*

Later the same year, the Fifth Circuit decided that the amount in controversy requirement was not facially apparent in another tort action. In *Simon*, the plaintiff claimed that while "walking through the Wal-Mart parking lot, a car drove past her, and her purse, wrapped around her arm, was suddenly and unexpectedly grabbed . . . causing [her] to be dragged by the car the distance of several parking spaces." 193 F.3d at 849. The plaintiff alleged she suffered a "severely injured shoulder, soft-tissue injuries throughout her body, bruises, [and] abrasions" and

6

sought past and future medical expenses. *Id*. at 850. In concluding that the amount in controversy was not facially apparent, the Fifth Circuit distinguished *Luckett* on the grounds that the alleged damages and injuries sought in *Simon* were less specific and severe that those alleged in *Luckett*. *Id.* at 850-851.

The next year, the Fifth Circuit looked to *Luckett* and *Simon* as the touchstones for determining whether the amount in controversy requirement was facially apparent in a slip-and-fall action. In *Gebbia,* the Fifth Circuit found the amount in controversy facially apparent where the plaintiff claimed damages for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and *permanent disability and disfigurement* " resulting from "injuries to her right wrist, left knee, patella and upper and lower back." 233 F.3d at 881, 883 (emphasis added). The Court compared the plaintiff's alleged damages to those in *Luckett* and *Simon* and found the plaintiff's "allegations support a substantially larger monetary basis to confer removal jurisdiction than the allegations reviewed in *Simon.*" *Id.* at 883.

The Fifth Circuit reached the same conclusion in another slip-and-fall action in which it compared *Gebbia* and *Simon*. In *Pollet*, the plaintiff alleged that she sustained "serious and painful injuries, including but not limited to severe injuries to her face, left elbow, left hand, and tail bone" as a result of her fall, further claiming that she:

> suffered severe physical pain and keen mental anguish, humiliation and embarrassment; and has required medical care for her injuries and serious residuals thereof, she has been disabled in her daily activities and has been handicapped in other activities; she has incurred medical expenses and loss [sic] sums of moneys that otherwise she would have earned, and she continues to have a diminished earnings capacity; she has sustained residual and *permanent disabilities and impairments*; she may require hospitalization and she will require medical care in the future; these conditions may continue, worsen, or become permanent.

7

*Id.* at *2-3 (alteration in original, emphasis added). The plaintiff also sought "damages for past and future medical expenses, for past and future lost wages and lost earnings capacity, for pain, suffering and mental anguish, for disability and for the loss of life's pleasures." *Id.* at 3. The Fifth Circuit found that the jurisdictional amount was facially apparent because the "allegations of injury and damages in [the] complaint, by their nature and severity, more closely resemble the allegations made by the plaintiff in *Gebbia* than the allegations made by the plaintiff in *Simon*." *Id.* at *4.

The Fifth Circuit has similarly held that the amount in controversy requirement was facially apparent in another tort action where the plaintiff fell while boarding a shuttle bus. In *Hernandez*, the plaintiff alleged that she:

> sustained serious personal injuries to her back, knees, shoulder and body as a whole, including but not limited to aggravation of pre-existing conditions, which have caused substantial physical pain and suffering; mental anguish; emotional distress; medical expenses; loss of enjoyment of life; lost wages; property damage; and, other elements of damages which will be demonstrated at the trial of this matter. Such losses are either *permanent*, or continuing in nature, and Plaintiff will suffer losses in the future.

418 F. App'x at 294, at *1 (emphasis added). The Fifth Circuit suggested that the foregoing allegations were similar to those alleged in *Gebbia*. *Id*. at *2.

As the removing defendants have not submitted any summary judgment type evidence or facts in controversy supporting a finding that the amount in controversy requirement is satisfied, the Court is left to consider whether the removing defendants have met their burden of proof in light of their reliance on *Luckett*, *Gebbia*, *Pollet*, and *Hernandez*. While none of those decisions involved an automobile crash, the common thread is that the plaintiff either alleged specific, quantifiable categories of severe damages or otherwise alleged permanent injuries.

While the alleged injuries and damages with respect to Hallie Outlaw are more specific and, potentially, more severe than those alleged in *Simon*, they nevertheless remain too broad

8

and vague to support a finding that the amount in controversy is facially apparent. Hallie Outlaw's alleged physical damages are limited to soft-tissue injuries and undefined "spinal" injuries. There are no allegations that she suffered herniated or bulging discs. Hallie Outlaw's allegations of mental anguish and distress, including her allegations of PTSD, are also generalized. Her claims of loss of earnings and earning capacity are void of context. Without more specifics, these allegations fall into the category of "usual and customary damages claimed by personal injury plaintiffs" and do not support a finding that the amount in controversy is facially apparent. *See Haydel v. State Farm Mut. Aut. Ins. Co.*, No. 07-939, 2008 WL 2781472, at *2-3 (M.D. La. July 11, 2008) (finding the amount in controversy requirement was not facially apparent where, as a result of a motor vehicle accident, one of the plaintiffs was alleged to have "suffered severe physical injuries, including, but not exclusively limited to, the following: (a) Severe cervical, lumbar, and thoracic ligament, muscle and spinal injuries; (b) Concussion/head injuries; (c) Post traumatic stress disorder and depression; and (d) Numerous bruises and contusions of the entire body" as well as "(a) Severe physical pain; (b) Severe mental anguish and distress; (c) Functional and anatomical disability; (d) Loss of earnings and earning capacity; (e) Severe physical disfigurement; (f) Loss of enjoyment of life; and (g) Inability to engage in and perform personal activities."). Finally, unlike the plaintiffs in *Gebbia*, *Pollet*, and *Hernandez*, Hallie Outlaw has not alleged that she suffered any permanent injuries such as permanent disability or disfigurement.

The Petition further alleges that Hallie Outlaw was nine months pregnant at the time of the automobile crash and suffered "impact injury to her abdominal region" and "severe post-partum complications." (Petition ¶¶ 12-13). There are no allegations in the Petition, however, with respect to any injuries or complications with respect to Hallie Outlaw's unborn child at the time of the accident, such as premature delivery or other birth-related complications. It is further

9

unclear whether Hallie Outlaw's allegations of post-partum complications are physical or mental in nature.  Defendants failed to provide any analysis regarding the amount in controversy with respect to these pregnancy-related damages.  These broad allegations, though significant, are insufficient for the Court to conclude that the amount in controversy requirement is facially apparent.[4]

In the absence of additional factual assertions by Plaintiffs regarding the extent or nature of the actual physical injuries suffered and specific treatment sought or received by Hallie Outlaw, the Petition does not provide enough information for the Court to conclude that the amount in controversy is facially apparent.  The removing defendants have failed to meet their burden of proving that the amount in controversy is satisfied, and, accordingly, the Court lacks diversity jurisdiction under 28 U.S.C. § 1332.

## IV.  Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiffs' Motion to Remand (R. Doc. 10) be **GRANTED**, and the action be **REMANDED** to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on October 23, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] At least one decision in the Fifth Circuit has found that the amount in controversy was facially apparent where one of two plaintiffs alleged to having, as a result of a car crash, "complications with her pregnancy, back problems causing the pregnancy to be more painful, a hole in her water bag with grew as the pregnancy continue[d] causing her to deliver before term, her left leg, migraine headaches and lower back pain which goes deep into her left hip" and that the unborn child at the time of the accident "was born prematurely as a result of the collision, has a heart murmur and is behind developmentally." *Martin v. Turner*, No. 01-3411, 2003 WL 145531 (E.D. La. Jan. 17, 2003). In contrast to *Martin*, the pregnancy-related damages alleged in this action are generalized and unquantifiable.